VPI KR SPE I LLC, et al. v. Virgin Islands Government Hospitals and Health Facilities, et al.
Case No. 2:26-cv-11053

TO: Gordon Rhea, Esq., Attorney General
V.I. Department of Justice
3438 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, V.I. 00802

AFFIDAVIT

TERRITORY OF THE VIRGIN ISLANDS)
DIVISION OF ST. THOMAS – ST. JOHN)

I, Marlon A. Richardson being sworn, depose and states:

1. I am a citizen of the United States, resident of the U.S. Virgin Islands, over 18 years of age, am not a party in the above entitled action, nor related to any of the parties herein; was duly appointed as a Process Server for the Superior Court of the U.S. Virgin Islands, License No. 23/2009, which Order is still valid.

2. I received copies of Letter: Varilease Finance, Inc. et al. v. Virgin Islands Government Hospitals and Health Facilities Corporation, et al. (Case No. 2:26-CV-11053-BRM-APP) dtd 18 Aug 26; Verified Motion for Entry of Default Judgement and Brief in Support of Motion dtd 29 May 26; and Notice of Motion Hearing dtd 4 Aug 26 in the above action and was able to serve as follows:

DATE RECEIVED: 18 Aug 26 DATE SERVED: 18 Aug 26 Time: 3:34 pm
PERSON SERVED: Ermine Francis (in hand)
PLACE SERVED: 3438 Kronprindsens Gade, St. Thomas VI

3. Such service was personally made by delivering to and leaving with said person true copies of said Letter: Varilease Finance, Inc. et al. v. Virgin Islands Government Hospitals and Health Facilities Corporation, et al. (Case No. 2:26-CV-11053-BRM-APP) dtd 18 Aug 26; Verified Motion for Entry of Default Judgement and Brief in Support of Motion dtd 29 May 26; and Notice of Motion Hearing dtd 4 Aug 26.

4. The person served was an adult and appeared mentally competent and was properly identified to be the person mentioned and described in said process or the person authorized according to law to receive such process.

SUBSCRIBED AND SWORN TO BEFORE ME THIS 28
DAY OF August 2026.

NOTARY PUBLIC

Laura Lee Berry
Notary Public
NP-649-23
My Commission Expires: April 3, 2027
St. Thomas/St. John, U.S. Virgin Islands

Marlon A. Richardson
11D Lindberg Bay, St. Thomas, USVI
(340) 998-8453

PROCESS SERVER

DNF
DUDLEY NEWMAN FEUERZEIG
LLP

LISA MICHELLE KÖMIVES
Partner
D: 340.715.4407
E: lkomives@DNFvi.com

Physical Address
Law House
1000 Frederiksberg Gade
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00802-6736

Mailing Address
P.O. Box 756
St. Thomas, VI 00804-0756

T: 340.774.4422
www.DNFvi.com

August 18, 2026

***VIA HAND DELIVERY***

Gordon Rhea, Esq., Attorney General
V.I. Department of Justice
3438 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, VI 00802

**RE:** ***Varilease Finance, Inc, et al. v. Virgin Islands Government Hospitals and Health Facilities Corporation, et al.*** **(Case No. 2:26-CV-11053-BRM-APP)**
**Our File No. 8845-1**

Dear Attorney Rhea:

This firm represents Varilease Finance, Inc, and VFI KR SPE 1, LLC ("Plaintiffs") in the above-referenced lawsuit currently pending against Virgin Islands Government Hospitals and Health Facilities Corporation and Governor Juan F. Luis Hospital and Medical Center ("Defendants") in the U.S. District Court, Eastern District of Michigan (Detroit), related to the breach of a Master Lease Agreement and accompanying Schedule No. 04, with the principal sum of Six Million Dollars ($6,000,000.00) at issue.

On May 29, 2026, Plaintiffs filed a Verified Motion for Entry of Default Judgment and Brief in Support of Motion ("Motion") against the Defendants. A copy of the Motion is enclosed for your reference.

On August 4, 2026, the court scheduled a hearing on the Motion for September 14, 2026. A copy of the Notice of Hearing is also enclosed for your reference.

Sincerely,

DUDLEY NEWMAN FEUERZEIG LLP

/s/ *Lisa Michelle Kömives*

Enclosures
LMK:kmw

DEPARTMENT OF JUSTICE
AUG 18 2026 PM3:34

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VFI KR SPE I LLC and
VARILEASE FINANCE, INC.,

Plaintiffs,

v.

VIRGIN ISLANDS GOVERNMENT HOSPITALS AND HEALTH FACILITIES CORPORATION and GOVERNOR JUAN F. LUIS HOSPITAL AND MEDICAL CENTER,

Defendants.

Case No. 2:26-cv-11053-BRM-APP

Honorable Brandy R. McMillion

Magistrate Judge Anthony P. Patti

---

**VERIFIED MOTION FOR ENTRY OF DEFAULT JUDGMENT AND BRIEF IN SUPPORT OF MOTION**

Plaintiffs, VFI KR SPE I LLC and Varilease Finance, Inc. (collectively, "Varilease" or "Plaintiffs"), by and through their counsel, Richard F. Ensor of the law firm MICHAEL BEST & FRIEDRICH, LLP and Steven M. Ribiat of the law firm BROOKS WILKINS SHARKEY & TURCO, PLLC, move this Court for the entry of a Default Judgment against Defendants under Fed. R. Civ. P. 55(b)(2), for the reasons discussed below.

1. Plaintiffs filed their Complaint on March 31, 2026. ECF No. 1, PageID.1-11 (attaching ECF No. 1-1, PageID.12-42).

2. The Complaint and Summons were served on Defendant Virgin Islands Government Hospitals and Health Facilities Corporation ("Virgin Islands Government Hospitals Corporation") on April 10, 2026. ECF No. 6, PageID.57 and ECF No. 8, PageID.59.

3. The Complaint and Summons were also served on Governor Juan F. Luis Hospital and Medical Centre ("Juan Luis Hospital") on April 10, 2026. ECF No. 7, PageID.58 and ECF No. 9, PageID.60.

4. Defendants' deadline to answer or otherwise respond to the Complaint was May 1, 2026. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

5. Defendants failed to timely respond to the Complaint, resulting in the Clerk's Entry of Defaults against them on May 6, 2026. ECF No. 11, PageID.64 and ECF No. 12, PageID.65.

6. Plaintiffs notified Defendants of the Clerk's Entry of Defaults against them by U.S. Mail dated May 7, 2026, as permitted by Fed. R. Civ. P. 5(b)(2)(C). *See* **Exhibit 1**, May 7, 2026 Letters to Virgin Islands Government Hospitals Corporation and Juan Luis Hospital.

7. Even so, Defendants have not appeared, responded to, or moved to set aside their Defaults. Default Judgment is now appropriate.

8. To preserve judicial resources and to avoid additional legal fees, Plaintiffs ask this Court to enter a Default Judgment against Defendants without a hearing as permitted by E.D. Mich. Local Rule 7.1(f)(2). *See also Law Offices of Christopher J. Trainor & Assoc., PC v. Pittman*, 2015 WL 3948885, at *3 (E.D. Mich. June 29, 2015) (holding that Fed. R. Civ. P. 55 "allows but does not require the district court to conduct an evidentiary hearing") (internal citations omitted).

For these reasons, and for those discussed in the supporting brief below, Plaintiffs ask this Court to enter a Default Judgment against Defendants, jointly and severally, as follows:

a. On Count I for breach of contract, awarding damages in the amount of $6,357,600, as stated in the Complaint;

b. On Count II for claim and delivery, ordering Defendants to return Plaintiffs' Equipment (itemized on the attachment to the Complaint) in Defendants' possession, custody, or control within thirty calendar days or, if the Equipment is not returned, instructing the appropriate law enforcement official or U.S. Marshal officers to seize and return the Equipment to Plaintiffs (with the monetary judgment in the amount of $6,357,600.00 thereafter reduced by the resale value of all equipment returned to Plaintiffs). (ECF No. 1-1, PageID.12-42);

c. On Count III for foreclosure of security interest, entering a decree foreclosing on Plaintiffs' all-asset lien against Defendants' assets to enforce their perfected security interests and lien, consistent with Plaintiffs' May 7, 2024 UCC Financing Statement filed with the Office of the Lieutenant Governor for the United States Virgin Islands, file number 202440000222, and allowing Plaintiffs to take immediate possession thereof and/or instructing the appropriate law enforcement official or U.S. Marshal officers to seize such assets for Plaintiffs' benefit (with the monetary judgment in the amount of $6,357,600.00 thereafter reduced by the resale value of all equipment returned to Plaintiffs);

d. Awarding interest, which shall continue to accrue on the Judgment as to Count I, at a rate of 13% per annum as provided by Mich. Comp. Laws Ann. § 600.6013(7) and the parties' Master Lease Agreement, until the Judgment is paid in full, and that Plaintiffs be given leave to supplement this amount as necessary to account for accruing interest;

e. Awarding Plaintiffs their reasonable attorneys' fees of $22,250.00 and costs of $2,388.88 (for a total amount of $24,638.00), as provided in the Master Lease Agreement, and that Plaintiffs be given leave to supplement this amount as necessary to account for continuing fees and

Case 2:26-cv-11053-BRM-APP ECF No. 13, PageID.70 Filed 05/29/26 Page 5 of 19

costs incurred to enforce the Master Lease Agreement and Judgment; and

f. Such other relief as the Court deems just and proper.

Dated: May 29, 2026

Respectfully submitted,

By: /s/ *Steven M. Ribiat*
Steven M. Ribiat (P45161)
**Brooks Wilkins Sharkey & Turco, PLLC**
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
Telephone: 248-971-1718
Email: ribiat@bwst-law.com

*Counsel for Plaintiffs*

-and-

By: /s/ *Richard F. Ensor*
**Michael Best & Friedrich LLP**
650 South Main Street, Suite 500
Salt Lake City, UT 84101
rfensor@michaelbest.com
Tel: (801) 833-0506
Email: rfensor@michaelbest.com

*Counsel for Plaintiffs*

## BRIEF IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

In support of their Motion for Entry of Default Judgment, Plaintiffs VFI KR SPE I LLC and Varilease Finance, Inc. (collectively, "Varilease" or "Plaintiffs") rely on the facts set forth in their motion and applicable authority and discussion below.

Case 2:26-cv-11053-BRM-APP ECF No. 13, PageID.71 Filed 05/29/26 Page 6 of 19

## Table of Contents

Table of Authorities .......... 7

Statement of Issue Presented .......... 8

Controlling or Most Appropriate Authority .......... 9

Argument .......... 10

1. The Complaint establishes subject matter and personal jurisdiction .......... 10
2. Plaintiffs' factual allegations establish liability for breach of contract .......... 11
3. Plaintiffs have a right to possession of the Equipment .......... 12
4. Plaintiffs have a right to a judgment and decree of foreclosure on their all-asset lien on Defendants' asset .......... 14
5. Plaintiffs are entitled to their reasonable attorneys' fees and costs .......... 15

Conclusion and Request for Relief .......... 16

## Table of Authorities

**Cases**

*C.H. Raches, Inc. v. Gen. Aluminum Mfg. Co.*, 2018 WL 1365888 (E.D. Mich. Mar. 16, 2018), aff'd, 807 F. App'x 534 (6th Cir. 2020) .......... 12

*Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837 (E.D. Mich. 2006) .......... 9, 11

*Johnson Controls, Inc. v. Hunt Const. Grp., Inc.*, 2004 WL 3323606 (E.D. Mich. Oct. 27, 2004) .......... 15

*Law Offices of Christopher J. Trainor & Assoc., PC v. Pittman*, 2015 WL 3948885, at *3 (E.D. Mich. June 29, 2015) .......... 3

*MCNIC Oil & Gas Co. v. IBEX Res. Co.*, 23 F. Supp. 2d 729 (E.D. Mich. 1998) .......... 11

*Vesligaj v. Peterson*, 331 F. App'x 351 (6th Cir. 2009) .......... 9

*Wilcox v. Kalchert*, 2021 WL 5332602 (W.D. Mich. Oct. 26, 2021) .......... 9

**Statutes**

28 U.S.C. § 1332 .......... 11

Mich. Comp. Laws Ann. § 440.9301(1) .......... 14

Mich. Comp. Laws Ann. § 600.2920 .......... 13

Mich. Comp. Laws Ann. § 600.6013 .......... 17

Mich. Comp. Laws Ann. § 600.6920 .......... 12

Mich. Comp. Laws Ann. §§ 440.9609 and 440.9610 .......... 15

**Rules**

E.D. Mich. Local Rule 7.1(f)(2) .......... 3

Fed. R. C. P. 54 .......... 15

Fed. R. Civ. P. 12 .......... 2

Fed. R. Civ. P. 5 .......... 2

Fed. R. Civ. P. 55 .......... 1, 3, 9, 16

Fed. R. Civ. P. 64 .......... 12

Fed. R. Civ. P. 8 .......... 9, 11-12, 14

M.C.R. 3.105 .......... 12-14

## Statement of Issue Presented

Plaintiffs leased certain Equipment to Defendants identified more specifically in the attachment to the Complaint with a total Equipment Cost of $6,000,000. (ECF No. 1-1, PageID.12-42). Defendants were obligated to make Base Monthly Payments of $149,000 for forty-eight months. Defendants failed to make the required payments and defaulted on certain other obligations, thus resulting in this lawsuit.

Where Defendants failed to appear or otherwise defend themselves in this lawsuit, the Clerk of the Court entered Defaults against Defendants, Defendants have not appeared, responded to, or moved to set aside the Defaults, and the Complaint seeks a sum certain from Defendants, should this Court now enter a Default Judgment against Defendants for the amount specified in Plaintiffs' Complaint and for other appropriate relief requested in the Complaint (and in Plaintiffs' motion), consistent with the parties' contract and Michigan law?

Plaintiffs say: "**Yes**."

**Controlling or Most Appropriate Authority**

Federal Rule of Civil Procedure 55 provides that a plaintiff may seek a default judgment against a defendant who has failed to respond or otherwise defend against a Complaint. When determining liability of a defaulting party, the allegations in the Complaint are considered admitted. *See* Fed. R. Civ. P. 8(b)(6); see also *Wilcox v. Kalchert*, 2021 WL 5332602, at *3 (W.D. Mich. Oct. 26, 2021), report and recommendation adopted, 2021 WL 5323917 (W.D. Mich. Nov. 16, 2021). This standard also applies to jurisdictional averments. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). If the allegations in the Complaint are sufficient to support a finding of liability, the court should enter judgment. *Id.* at 848.

Additionally, Plaintiffs' contractual damages here are liquidated and calculated as specified by the terms of the parties' Master Lease Agreement and Schedule No. 4 (collectively, the "Lease"). Although Rule 55(b)(2), "gives courts the discretion to conduct an evidentiary hearing, damages may also be ascertained through evidence on the record" and the Court "may, for example, rely on affidavits and other documentary evidence." *Wilcox*, WL 5332602, at *3 (citing *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009)).

## Argument

Defendants have failed to respond to or otherwise defend against Plaintiffs' Complaint, and the Clerk has entered a default against each of them. Neither Defendant has appeared, responded to, or moved to set aside their default. A default judgment should now be entered against each Defendant.

### 1. <u>The Complaint establishes subject matter and personal jurisdiction.</u>

The Complaint alleges the following as to this Court's jurisdiction:

- Plaintiff VFI KR SPE I LLC is a Delaware limited liability company with its principal place of business in Salt Lake City, Utah; none of the members or sub-members of VFI KR SPE I LLC are citizens of the U.S. Virgin Islands. (ECF No. 1, ¶ 1, PageID.1-2);

- Plaintiff Varilease Finance Inc. is a Michigan corporation with its principal place of business in Salt Lake City, Utah. (*Id.* ¶ 2, PageID.2);

- Defendant Virgin Islands Hospitals Corporation is a public benefit corporation with its principal place of business in Christiansted, St. Croix, U.S. Virgin Islands. (*Id.* ¶ 3, PageID.2);

- Defendant Governor Juan F. Luis Hospital and Medical Center is a health care facility and entity with its principal place of business in Christiansted, St. Croix, U.S. Virgin Islands. (*Id.* ¶ 4, PageID.2);

- The Complaint alleges an amount in controversy greater than $75,000.00 and seeks monetary damages of $6,357,600 as to Count I (breach of contract). (*Id.* ¶ 33, PageID.7).

- The Court has jurisdiction under 28 U.S.C. § 1332(c) because there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000. (*Id.* ¶ 10, PageID.3).

The Complaint also alleges that the parties' Lease includes a forum selection clause requiring that all disputes relating to the Lease and the parties' relationship shall be heard exclusively in state or federal court in Oakland County, Michigan, which is within this judicial district. (*Id.* ¶¶ 11, 12, PageID.3). The Court's exercise of personal jurisdiction over these out of state Defendants is proper because they agreed to be bound by a contract with a forum selection clause. *See MCNIC Oil & Gas Co. v. IBEX Res. Co.*, 23 F. Supp. 2d 729, 735 (E.D. Mich. 1998).

The uncontested facts in the Complaint are therefore sufficient for this Court to exercise jurisdiction over Defendants and enter judgment against them. Fed. R. Civ. P. 8(b)(6); *Ford Motor Co.*, 441 F. Supp. 2d at 846.

2. **<u>Plaintiffs' factual allegations establish liability for breach of contract.</u>**

A party alleging breach of contract must plead and prove "(1) that there was a contract, (2) that the other party breached the contract, and (3) that the party asserting breach of contract suffered damages as a result of the breach." *C.H. Raches,*

*Inc. v. Gen. Aluminum Mfg. Co.*, 2018 WL 1365888, at *2 (E.D. Mich. Mar. 16, 2018), aff'd, 807 F. App'x 534 (6th Cir. 2020)).

The Complaint specifically alleges that Varilease and Defendants entered into the Lease for certain medical equipment, (ECF No. 1, ¶ 13, PageID.3), and that the Lease was assigned to VFI KR SPE I LLC with Varilease remaining as the servicing agent for the Lease. (*Id.*, ¶ 17, PageID.4). The Complaint includes specific factual allegations as to the Lease's terms and conditions. (*Id.*, ¶¶ 14-16, 18-32, PageID.3-7), and Varilease's performance under the Lease, (*Id.*, ¶ 29, PageID.6). The Complaint also details Defendants' breach of their obligations, including their failure to pay amounts owed to Varilease. (*Id.*, ¶¶ 22-26, 30, PageID.6-7).

As alleged, Defendants' breaches have caused damage to Varilease. (*Id.*, ¶¶ 31-33, PageID.7). Consequently, the Complaint contains sufficient uncontested factual allegations of Defendants' liability for breach of contract under Count I. Fed. R. Civ. P. 8(b)(6).

**3. Plaintiffs have a right to possession of the Equipment.**

Count II of the Complaint asserts a claim for claim and delivery under Fed. R. Civ. P. 64, M.C.R. 3.105, and Mich. Comp. Laws Ann. § 600.6920. (*Id.*, ¶¶ 34-42, PageID.7-8). Claim and delivery is a civil action to recover (1) possession of goods or chattels which have been unlawfully taken or unlawfully detained, and (2) damages sustained by the unlawful taking or unlawful detention. M.C.R. 3.105(A);

*see also* Mich. Comp. Laws Ann. § 600.2920)(1) (plaintiff may sue "to recover possession of any goods or chattels which have been unlawfully taken or unlawfully detained and to recover damages sustained by the unlawful taking or unlawful detention.").

Plaintiffs' Complaint alleges the required elements of an action for claim and delivery, as stated in M.C.R. 3.105(C)(1)-(4):

(1) Plaintiffs provided "a complete list of the Equipment owned by Plaintiffs that is within Defendants' care, custody, control and possession" as itemized on an exhibit to the Complaint. (ECF No. 1, ¶ 37, PageID.8 and Ex. 1 to the Complaint, ECF No.1-1, PageID.12-42);

(2) Plaintiffs stated that the aggregate value of the property is $6,000,000. (*Id.*, ¶ 40, PageID.8);

(3) Plaintiffs stated—and the Court can confirm—that each item of Equipment is an independent, identifiable item of personal property. (*Id.*, ¶ 39, PageID.8 and ECF No.1-1, PageID.12-42); and

(4) Plaintiffs described the nature of their claim to possession of the Equipment and the basis for their requested judgment, given that Plaintiffs have a valid and superior ownership interest in the Equipment and, after Defendants' breach, Plaintiffs have an immediate right to possession of the Equipment. (ECF No. 1, ¶¶ 41-42, 48-49, PageID.8-11).

These allegations are considered true. Fed. R. Civ. P. 8(b)(6). Plaintiffs are therefore entitled to a judgment of possession as to the Equipment, with the monetary judgment in the amount of $6,357,600.00 thereafter reduced by the resale value of all equipment returned to Plaintiffs. *See* M.C.R. 3.105(H) and (J).

**4. Plaintiffs have a right to a judgment and decree of foreclosure on their all-asset lien on Defendants' assets.**

Count III of the Complaint asserts a claim for foreclosure of Plaintiffs' all-assets lien on Defendants' assets. Section 2(b) of the Master Lease grants Plaintiffs a security interest as to Defendants':

> goods, chattels, fixtures, equipment, assets, accounts receivable, contract rights, general intangibles and property of every kind wherever located in which [Defendants] has any interest and the proceeds thereof, and agrees that any security interest created by this Master Agreement secures any and all obligations of [Defendants] and those of any affiliate of [Defendants] to [Varilease] whether now in existence and/or to come into existence.

(ECF No. 1, ¶ 44, PageID.9).

Consistent with this provision and Michigan law (Mich. Comp. Laws Ann. § 440.9301(1)), on May 7, 2024, Plaintiffs filed a UCC Financing Statement with the Office of the Lieutenant Governor for the United States Virgin Islands, file number 20240000222, covering "any and all goods, chattels, fixtures, equipment, assets, accounts receivable, contract rights, general intangibles and property of every kind wherever located in which [Defendants] has any interest and proceeds thereof." (*Id.*,

Case 2:26-cv-11053-BRM-APP ECF No. 13, PageID.80 Filed 05/29/26 Page 15 of 19

¶ 45, PageID.9-10).

Given Defendants' uncontested default of their obligations to Plaintiffs, Plaintiffs are now entitled to a judgment and decree of foreclosure on their all-asset lien on Defendants' assets. Among other rights and remedies, Plaintiffs are entitled to enforce their perfected security interest and lien on such assets by taking possession thereof and/or by a decree from this Court instructing the appropriate law enforcement official or U.S. Marshal officers to seize such assets for Plaintiffs' benefit and disposition consistent with Michigan law, with the monetary judgment in the amount of $6,357,600.00 thereafter reduced by the resale value of all equipment returned to Plaintiffs. *See* Mich. Comp. Laws Ann. §§ 440.9609 and 440.9610.

**5. Plaintiffs are entitled to their reasonable attorneys' fees and costs.**

The Lease provides that Varilease is entitled to "all attorney fees and court costs incurred by Lessor relating to the enforcement of [their] rights under the Lease." *See* Master Lease Agreement, **Exhibit 2**, p. 6, §16(b). Federal Rule of Civil Procedure 54 allows an award of costs to the prevailing party. Likewise, "[u]nder Michigan law, contractual provisions for paying reasonable attorney's fees in the event of a breach are valid." *Johnson Controls, Inc. v. Hunt Const. Grp., Inc.*, 2004 WL 3323606, at *2 (E.D. Mich. Oct. 27, 2004).

Here, Plaintiffs have currently incurred costs of $2,388.88, which were necessarily incurred to enforce the Lease and are detailed in Exhibit 3. (Counsel

Declaration, **Exhibit 3**). To date, Plaintiffs have also currently incurred $22,250.00 in attorneys' fees to enforce the Lease, which are summarized in Exhibit 3. (*Id.*)

**Conclusion and Request for Relief**

Plaintiffs have satisfied the requirements of Rule 55 for a default judgment against Defendants. Plaintiffs therefore ask this Court to enter a default judgment against Defendants as follows:

a. On Count I for breach of contract, awarding damages in the amount of $6,357,600, as stated in the Complaint;

b. On Count II for claim and delivery, ordering Defendants to return Plaintiffs' Equipment (itemized on the attachment to the Complaint) in Defendants' possession, custody, or control within thirty calendar days or, if the Equipment is not returned, instructing the appropriate law enforcement official or U.S. Marshal officers to seize and return the Equipment to Plaintiffs (with the monetary judgment in the amount of $6,357,600.00 thereafter reduced by the resale value of all equipment returned to Plaintiffs). (ECF No. 1-1, PageID.12-42);

c. On Count III for foreclosure of security interest, entering a decree foreclosing on Plaintiffs' all-asset lien against Defendants' assets to enforce their perfected security interests and lien, consistent with Plaintiffs' May 7, 2024 UCC Financing Statement filed with the Office

of the Lieutenant Governor for the United States Virgin Islands, file number 202440000222, and allowing Plaintiffs to take immediate possession thereof and/or instructing the appropriate law enforcement official or U.S. Marshal officers to seize such assets for Plaintiffs' benefit (with the monetary judgment in the amount of $6,357,600.00 thereafter reduced by the resale value of all equipment returned to Plaintiffs);

d. Awarding interest, which shall continue to accrue on the Judgment as to Count I, at a rate of 13% per annum as provided by Mich. Comp. Laws Ann. § 600.6013(7) and the parties' Lease, until the Judgment is paid in full;

e. Awarding Plaintiffs their reasonable attorneys' fees of $22,250.00 and costs of $2,388.88 (for a total amount of $24,638.00), as provided in the Master Lease Agreement, and that Plaintiffs be given leave to supplement this amount as necessary to account for continuing fees and costs incurred to enforce the Master Lease and Judgment; and

f. Such other relief as the Court deems just and proper.

A proposed default judgment is attached as **Exhibit 4**.

Dated: May 29, 2026

Respectfully submitted,

By: /s/ *Steven M. Ribiat*
Steven M. Ribiat (P45161)
BROOKS WILKINS SHARKEY &
TURCO PLLC
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
Telephone: 248-971-1718
Email: ribiat@bwst-law.com

-and-

By: */s/ Richard F. Ensor*
**Michael Best & Friedrich**
650 South Main Street, Suite 500
Salt Lake City, UT 84101
rfensor@michaelbest.com
Tel: (801) 833-0506
Email: rfensor@michaelbest.com

*Counsel for Plaintiffs*

## VERIFICATION

Under 28 U.S.C. § 1746(2), the undersigned verifies under penalty of perjury that the facts in this document are true and correct to the best of my information, knowledge, and belief.

Dated: May 29, 2026

[signature]
Plaintiff's Authorized Representative

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2026, I electronically filed this document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

*/s/ Steven M. Ribiat*
Steven M. Ribiat (P45161)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

VFI KR SPE I LLC, et al.,

Plaintiff(s),

v.

Virgin Islands Government Hospitals and Health Facilities Corporation, et al.,

Defendant(s),

Case No. 2:26-cv-11053-BRM-APP
Hon. Brandy R. McMillion

## NOTICE OF MOTION HEARING

You are hereby notified to appear before District Judge Brandy R. McMillion at the United States District Court, Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard, Detroit, Michigan. Please report to Room 251. The following motion(s) are scheduled for hearing:

Motion for Default Judgment – #13

- MOTION HEARING: September 14, 2026 at 11:30 AM

**ADDITIONAL INFORMATION:** Plaintiffs shall serve the motion and this notice of hearing upon each defendant and file proof of service by 9/14/2026.

### Certificate of Service

I hereby certify that this Notice was electronically filed, and the parties and/or counsel of record were served.

By: s/Leanne Hosking
Case Manager

Dated: August 4, 2026